```
              United States District Court
                District of Massachusetts
 _____
                                       )
 Mizuho Orthopedic Systems, Inc.,      )
                                       )
       Plaintiff,                      )
                                       )
       v.                              )
                                       )   Civil Action No.
 Allen Medical Systems, Inc., et al., )    21-10979-NMG
                                       )
       Defendants.                     )
 _____)
```

**MEMORANDUM & ORDER**

**Gorton, J.**

This action concerns alleged infringement of two United States patents held by plaintiff Mizuho Orthopedic Systems, Inc. ("Mizuho" or "plaintiff"). The patents, United States patents number 10,888,481 ("the `481 Patent") and 9,713,562 ("the `562 Patent") together, "the Asserted Patents", each disclose an adjustable support apparatus for a specialty surgery table. Mizuho contends that defendants, Allen Medical Systems, Inc. ("Allen") and Hill-Rom, Inc. ("Hill-Rom") together, "defendants", sell infringing surgery tables.

Pending before the Court is the motion of defendants to stay the action pending inter partes review at the United States

Patent and Trademark Office ("the PTO") (Docket No. 69).[1] For the reasons that follow, that motion will be denied.

## I. Background

Mizuho and defendants are in the business of designing and selling specialty surgery tables. Mizuho sells a commercial embodiment of the Asserted Patents, the Trios table. Defendants also sell specialty tables, including the Allen Advance Table ("the Advance Table"). In addition, they sell a product identified as the Advance Table Pinless H-Bracket ("the Pinless H-Bracket" and, together with the Advance Table, "the Accused Products") for use with the Advance Table.

In June, 2021, Mizuho filed a complaint alleging that defendants, by selling the Accused Products, infringed the `481 Patent, either literally or under the doctrine of equivalents, and induced others to infringe. About two months later, Mizuho filed an amended complaint which added a count for infringement of the `562 Patent. A second amended complaint, filed in September, 2021, alleges substantially the same two counts. Defendants deny the substance of the allegations.

Six months after Mizuho commenced the instant action, defendants sued it in the United States District Court for the

---

[1] Also pending before the Court is defendants' motion to dismiss the complaint insofar as it alleges infringement of the `562 Patent which will be addressed in a separate memorandum and order.

District of Delaware, likewise alleging patent infringement. See Allen Medical Sys., Inc. v. Mizuho Orthopedic Sys., Inc., No. 21-01739-CFC (D. Del., filed Dec. 20, 2021) ("the Related Action"). The Related Action has since been transferred to the United States District Court for the Northern District of California, where it remains pending. See Allen Med Sys., No. 21-01739-CFC (D. Del. Apr. 7, 2022).

A claim construction (Markman) hearing in this action was scheduled for April, 27 2022. Less than one week before the Markman hearing, defendants filed a petition for inter partes review with the PTO and, less than two days before the hearing, they filed the pending motion to stay. Mizuho opposes a stay on several grounds which are discussed in greater detail below.

At the Markman hearing, the Court heard argument on the motion to stay and then proceeded with the claim construction as scheduled. At the conclusion of the hearing, it took both matters under advisement. The motion to stay is addressed below. A claim construction order will be issued separately.

**II. Motion to Stay**

    **A. Legal Standard**

Congress created the inter partes review process in its current iteration by enactment of the Leahy-Smith America Invents Act of 2011, codified at 35 U.S.C. §§ 311-319. Inter partes review is an expedited procedure for challenging the

-3-

validity of a patent before the PTO. ACQIS, LLC v. EMC Corp., 109 F. Supp. 3d 352, 355 (D. Mass. 2015). A person who is not the owner of a patent may file a petition with the PTO to institute inter partes review, 35 U.S.C. § 311(a). Review will be granted only if

> there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.

35 U.S.C. § 314(a). If review is granted, the PTO generally must reach a decision within one year. 35 U.S.C. § 316(a)(11).

Courts customarily consider three factors in determining whether to stay an action pending inter partes review: 1) the stage of the litigation, including whether discovery is complete and a trial date has been set, 2) whether a stay will simplify the issues and 3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party. DiversiTech Corp. v. RectorSeal, LLC, No. 20-11896-NMG, 2021 U.S. Dist. LEXIS 131270 at *4 (D. Mass. July 14, 2021) (citing ACQIS, LLC 109 F. Supp. 3d at 356). Delay, without more, does not amount to undue prejudice. Teva Pharms. Int'l GMBH v. Eli Lilly & Co., No. 18-12029-ADB, 2019 U.S. Dist. LEXIS 67575 at *18 (D. Mass. Apr. 22, 2019). Rather, the non-moving party must show undue prejudice separate from the delay itself such as, for example, that 1) on account of the delay it effectively will be denied certain legal remedies, 2) the moving party possesses a

dilatory motive or 3) the parties are direct commercial competitors. Id. at *18-19.

### B. Arguments of the Parties

Defendants contend that all three factors favor a stay. First, they submit that the case is in its early stages and the "most burdensome aspects of the litigation", i.e. most of discovery, the Markman hearing and dispositive motions, remain ahead.[2] Second, they opine that a stay will simplify the action because the PTO may cancel one or more of the claims of the Asserted Patents and, in any event, the Court will have the benefit of the PTO's analysis with respect to construction, validity and infringement issues. Finally, they argue that Mizuho will not be unduly prejudiced by a stay. Defendants deny any dilatory motive. They advert to other purported competing products in the surgery table market as evidence that Mizuho does not lack legal remedies and that the parties are not direct competitors.

Mizuho demurs. It contends that defendants understate the progress of the case and notes that all the preparation for the Markman hearing and substantially all discovery is complete. It denies that a stay will simplify the issues and observes that the PTO has not decided whether to conduct inter partes review

---

[2] That observation is, of course, no longer accurate with respect to the Markman hearing.

and may not for several months. Finally, Mizuho claims that it would be prejudiced by a stay, disputes that there are other competitors in the market and alleges that defendants have an "ulterior, dilatory motive" insofar as they promote the priority of their Related Action.

### C. Application

Because the relevant factors, on the whole, disfavor a stay, defendants' motion will be denied.

With respect to the first factor, substantial progress has been made in this action on several fronts. See Teva Pharms., 2019 U.S. Dist. LEXIS 67575 at *15 (explaining that "[a]s a general rule, the earlier the stage of proceedings, the greater the reason to grant a stay") (internal punctuation omitted). Although discovery is not yet closed, the parties have exchanged over 63,000 pages of documents and previously have represented that discovery is "substantially complete". Defendants have filed a dispositive motion which plaintiffs have opposed. The Markman hearing has been conducted and trial is less than one year away. This action has, in short, progressed far beyond its "infancy" or any similarly "nascent stage". Teva Pharms. at *15.

While courts have stayed actions that have progressed further than this one, such stays usually have been justified by an intervening event. See, e.g. ACQIS, 109 F. Supp. 3d at 356 (staying action where, inter alia, case had recently been

-6-

transferred, disrupting other deadlines); SurfCast, Inc. v. Microsoft Corp., No. 12-333-JDL, 2014 U.S. Dist. LEXIS 160062 at *6-7 (D. Me. Nov. 14, 2014) (explaining, in case where discovery was complete and Markman order had been issued, that "[o]rdinarily, the significant progress made to date would weigh against the grant of a stay" but that anticipated reopening of discovery changed calculation); IOENGINE, LLC v. PayPal Holdings, Inc., No. 18-452-WCB, 2019 U.S. Dist. LEXIS 141545 at *15-16 (D. Del. Aug. 21, 2019). No such circumstances are present here.

With respect to the second factor, the inter partes reviews, if conducted, may simplify this action. See Teva Pharms. at *17-18. Defendants have sought review of both Asserted Patents. Cancelation of one or more claims would obviate, at least in part, the issue of infringement and narrow the case.

The weight of the second factor is reduced, however, by the fact that inter partes review has not yet been instituted. See TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp., No. 13-cv-02218-JST, 2013 U.S. Dist. LEXIS 162521 at *11 (N.D. Cal. Nov. 13, 2013) (noting that "in most cases, the filing of an [inter partes review] request by itself does not simplify the issues in question") (emphasis original). Consequently, any simplification which might be gained by inter partes review is

at present mostly a matter of conjecture. Universal Secure Registry, LLC v. Apple Inc., No. 17-585-CFC, 2018 WL 4486379 at *2 (D. Del. Sept. 19, 2018). Defendants prognosticate that the PTO is likely to institute inter partes review and disallow one or more claims because 1) in a majority of cases, it does institute review and 2) the PTO has already rejected a related patent application over some of the same prior art. Plaintiff disputes the latter contention and, while the Court will not wade into the issue, it concludes that both commencement of inter partes review and disallowance of any claims are uncertain.

With respect to the third factor, a stay would unduly prejudice Mizuho. Mizuho has convincingly argued that 1) the relevant market is for specialty surgery tables and 2) the market is limited to the parties in this case. Although other companies sell operating tables, the Court concludes that there is little if any competition from non-parties and that market conditions therefore weigh against a stay. See TPK Touch Sols., Inc. v. Wintek Electro-Optics Corp., No. 13-02218-JST, 2013 U.S. Dist. LEXIS 162521 (N.D. Cal. Nov. 13, 2013). It is unnecessary to consider whether defendants had an improper motive in filing the inter partes review petition and the pending motion because the foregoing considerations disfavor a stay in any event.

**ORDER**

For the foregoing reasons, the motion of defendants Allen Medical Systems, Inc. and Hill-Rom, Inc. to stay this action pending inter partes review is **DENIED**.

**So ordered.**

                                                       /s/ Nathaniel M. Gorton  
                                                      Nathaniel M. Gorton  
                                                      United States District Judge

Dated:  July 6, 2022